BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
WILLIAM V. BERGSTROM*
MATTHEW R. RITTMAN*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com

*Motion to Appear Pro Hac Vice Forthcoming

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE JAYMES; PWGG, L.P.; JOHN PHILLIPS; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>    Defendants. | Case No.: **'25CV2711 JAH DEB**<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |

Plaintiffs Danielle Jaymes; PWGG, L.P.; John Phillips; National Rifle Association of America; Firearms Policy Coalition, Inc.; and Second Amendment Foundation, complain of Defendant Rob Bonta, in his official capacity as Attorney General of California, and allege as follows:

## INTRODUCTION

1. The Second Amendment protects law-abiding citizens' right to possess—and, as an incident, to acquire—weapons that are in common use, including handguns. *See District of Columbia v. Heller*, 554 U.S. 570, 627, 629 (2008).

2. Plaintiffs sue to challenge the constitutionality of California Penal Code § 27595(a), which bans the sale or transfer of Glock and Glock-style handguns with cruciform trigger bars. These handguns are in common use; indeed, they are among the most popular firearms in the nation. Yet if § 27595(a) is enforced, Californians will have no practical way to acquire them.

3. That is flagrantly unconstitutional. *Heller* itself held that "the handgun [is] the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home." 554 U.S. at 629. As such, it necessarily follows that a ban on the sale of a particular type of popular handgun is unconstitutional.

4. California already bans many handgun models targeted by this law. This Court has held that these restrictions are likely unconstitutional because these handguns are "in common use." *Renna v. Bonta*, 667 F. Supp. 3d 1048, 1063 (S.D. Cal. 2023), *appeal pending*, No. 23-55367 (9th Cir.) (discussing the Glock 43 and Glock 17 Gen 5, among other handgun models).

5. Undeterred, the State is now *expanding* its ban on "popular handguns designed for self-defense." *Id.* at 1069. Plaintiffs respectfully request that this Court declare this expansion is no more constitutional than the original ban and enjoin § 27595(a)'s enforcement.

# PARTIES

6. Plaintiff Danielle Jaymes is a natural person, a citizen of the United States, and a resident of the State of California, residing in San Diego County. Plaintiff Jaymes is not prohibited under state or federal law from possessing, receiving, owning, or purchasing a firearm. Plaintiff Jaymes possesses a valid Certificate of Eligibility, issued by California's Department of Justice ("DOJ") Bureau of Firearms.[1] Plaintiff Jaymes makes occasional purchases of firearms. But for the laws at issue in this suit and Defendants' enforcement thereof, Plaintiff Jaymes would, on or after July 1, 2026, purchase handguns banned by § 27595(a).

7. Plaintiff PWGG, L.P. ("PWG"), doing business as "Poway Weapons & Gear" and "PWG Range," is a California limited partnership. PWG owns and operates a firearms retailer, shooting range, and training facility in the City of Poway, within San Diego County. PWG is listed as a firearms dealer in California's DOJ Centralized List of Firearms Dealers and is federally licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives as a Federal Firearms Licensee. Since opening in 2011, Plaintiff PWG has lawfully sold thousands of handguns with cruciform trigger bars. These handguns are, as discussed below, banned for sale by the laws at issue here. But for its reasonable fear of prosecution and loss of its license under Penal Code § 27595(a), Plaintiff PWG would, on or after July 1, 2026, continue selling these handguns. Plaintiff PWG brings this case on behalf of its customers and would-be customers. *See Craig v. Boren*, 429 U.S. 190, 192–97 (1976).

---

[1] A COE is "a certificate which states that the Department has checked its records and the records available to the Department in the National Instant Criminal Background Check System and determined that the applicant is not prohibited from acquiring or possessing firearms pursuant to Penal Code sections 18205, 29800, 29805, 29815 through 29825, and 29900, or Welfare and Institutions Code sections 8100 and 8103, or Title 18, sections 921 and 922 of the United States Code, or Title 27, Part 478.32 of the Code of Federal Regulations at the time the check was performed and which ensures that anyone who handles, sells, delivers, or has under their custody or control any ammunition, is eligible to do so pursuant to Penal Code section 30347." CAL. CODE REGS. tit. 11, § 4031(d).

8.     Plaintiff John Phillips is the president of PWG and an individual licensee associated with PWG in California DOJ's Centralized List of Firearms Dealers. Plaintiff Phillips brings this case on behalf of his customers and would-be customers.

9.     Plaintiff National Rifle Association of America ("NRA") is a nonprofit membership organization founded in 1871. NRA is America's oldest civil rights organization and foremost defender of Second Amendment rights. It is America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. NRA has millions of members across the nation, including in California. NRA brings this action on behalf of its members, including those residing in this district, who intend and desire to exercise their Second Amendment rights to purchase handguns banned by § 27595(a). Plaintiffs Jaymes, PWG, and Phillips are all members of the NRA.

10.     Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms, and to protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside the State of California. FPC brings this action on behalf of its members, including those residing in this district, who intend and desire to exercise their Second Amendment rights to purchase handguns banned by § 27595(a). Plaintiffs Jaymes, PWG, and Phillips are all members of FPC.

11.     Plaintiff Second Amendment Foundation ("SAF") is a nonprofit educational foundation incorporated in 1974. SAF's mission is to preserve the

individual constitutional right to keep and bear arms through public education, judicial, historical, and economic research, publishing, and legal-action programs focused on the civil right guaranteed by the Second Amendment to the United States Constitution. SAF brings this action on behalf of its members, including those residing in this district, who intend and desire to exercise their Second Amendment rights to purchase handguns banned by § 27595(a). Plaintiffs Jaymes, PWG, and Phillips are all members of SAF.

12. Defendant Rob Bonta is the Attorney General of the State of California, and is sued herein in his official capacity. The Attorney General is the "chief law officer of the State" of California and has a duty "to see that the laws of the State are uniformly and adequately enforced." CAL. CONST. art. V, § 13. The Attorney General is also head of the California DOJ, which enforces state laws related to the sale, transfer, possession, and ownership of firearms, including § 27595(a). The Attorney General maintains an office in San Diego, California.

**JURISDICTION AND VENUE**

13. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under 42 U.S.C. § 1983. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1343 because Plaintiffs' claims seek redress for the deprivation, under color of any State law, of rights secured by the Second Amendment to the Constitution.

14. Venue is proper under 28 U.S.C. § 1391(b)(2) because California Penal Code § 27595(a) will restrict Plaintiff Jaymes from buying, and Plaintiffs PWG and Phillips from selling, covered weapons in this district.

**GENERAL ALLEGATIONS**

15. Plaintiffs bring this action to challenge the enforcement of California's cruciform trigger handgun ban in Assembly Bill 1127, Penal Code § 27595(a), which was signed into law on October 10, 2025.

16. Effective July 1, 2026, licensed firearms dealers "shall not sell, offer for sale, exchange, give, transfer, or deliver any semiautomatic machinegun-convertible pistol." Cal. Penal Code § 27595(a).

17. While § 27595(a) contains few exemptions not relevant to this challenge,[2] for ordinary, peaceable Californians, the law effectively closes the door on traditional commercial sales of these firearms.

18. Violations may be punished by fine and the suspension or revocation of the offending dealer's license. *See id.* § 27595(b)(1)–(3).

19. Penal Code § 16885(a) defines a "semiautomatic machine-gun convertible pistol" as:

> [A]ny semiautomatic pistol with a cruciform trigger bar that can be readily converted by hand or with common household tools … into a machinegun by the installation or attachment of a pistol converter as a replacement for the slide's backplate without any additional engineering, machining, or modification of the pistol's trigger mechanism.

Cal. Penal Code § 16885(a).

20. Because the paradigmatic handguns that meet California's definition of a "semiautomatic machine-gun convertible pistol" are manufactured by Glock, Plaintiffs will refer, at times, to the banned firearms as Glocks or Glock-style handguns. For the avoidance of doubt, Plaintiffs challenge the restriction as to *all* semiautomatic pistols with cruciform trigger bars that are banned by California under § 27595(a).

21. A pistol converter is a device that can be attached to a pistol which enables the pistol to fire automatically, meaning it will fire more than one round by a single function of the trigger. *See* Cal. Penal Code § 17015.

---

[2] Specifically, § 27595 exempts from coverage "private party to private party transaction[s] conducted through a licensed firearms dealer," subd. (c)(3), sales to law enforcement officers or transfers for a few discrete purposes, subd. (c)(9), and permits transfers "to any forensic laboratory or forensic laboratory employee, while on duty and acting within the scope and course of employment," subd.(c)(8). AB 1127 further excludes "hammer-fired semiautomatic pistol[s]" as well as "striker-fired semiautomatic pistol[s] lacking a cruciform trigger bar." Cal. Penal Code § 16885(b).

22. Put differently, a pistol converter is a device that transforms a semiautomatic pistol into a machinegun.

23. Under California law, pistol converters are machineguns. *See* CAL. PENAL CODE § 16880(b). Possession of a pistol converter is accordingly prohibited, *see id.* § 32625(a), and that prohibition is not at issue in this case.

24. This case is about whether California may ban semiautomatic handguns with a cruciform trigger bar, such as Glock and Glock-style handguns.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## VIOLATION OF THE SECOND AND FOURTEENTH AMENDMENTS

**(42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908))**

25. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 24.

26. The Second Amendment protects "the right of the people to keep and bear Arms." U.S. CONST. amend. II.

27. This fundamental right is fully applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

28. Textually, the right to "keep and bear" weapons includes the right to acquire them. *See B&L Prods., Inc. v. Newsom*, 104 F.4th 108, 118 (9th Cir. 2024) ("[U]nless the right to *acquire* firearms receives some Second Amendment protection, the right to keep and bear firearms would be meaningless.").

29. As *Heller* has made clear, the *only* historical justification that could justify banning the possession of a firearm is that the arm is both "dangerous and unusual." 554 U.S. at 627 (quotation marks omitted).

30. Arms that are "in common use" are, by definition, neither. *Id.* (quotation marks omitted).

31. Thus, in *Heller*, the Supreme Court held that the Second Amendment "protects the possession and use of weapons that are 'in common use at the time.'"

*N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 21 (2022) (quoting *Heller*, 554 U.S. at 627)).

32. A law that bans the sale of—and correspondingly prevents citizens from acquiring—a weapon in common use violates the Second Amendment.

33. Semiautomatic handguns with cruciform trigger bars are not different from *any* other type of semiautomatic handgun in a constitutionally relevant way.

34. The Supreme Court has already held that handguns are in common use and cannot be banned. *See Heller*, 554 U.S. at 629 ("[H]andguns are the most popular weapon chosen by Americans for self-defense in the home, and a complete prohibition of their use is invalid.").

35. Semiautomatic handguns, including those with a cruciform trigger bar, therefore, cannot be banned.

36. Even considered as their own group (which, under *Heller*, they should not be), the banned handguns are constitutionally protected.

37. They are also unquestionably in common use for lawful purposes.

38. In fact, they are among the most popular handguns in the nation. *See, e.g.*, *How Glock became America's gun*, CBS NEWS (Sep. 15, 2013), https://perma.cc/J5E8-42UA.

39. According to one source, three Glock handgun models made the top-25 for new guns sold in 2024, placing fourth, seventh, and twenty-second. *See* Logan Metesh, *Top Selling New Guns of 2024*, GUNS & AMMO (Jan. 14, 2025), https://perma.cc/8A5Z-5VQN.

40. ATF has observed that Glocks are "popular for civilian use." *See Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24652, 24655 (Apr. 26, 2022).

41. Government data confirm the popularity of these types of handguns. For example, in 2021, Glock manufactured 581,944 handguns in the United States. *See*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-7-

*Annual Firearms Manufacturing and Export Report* at 13, ATF (2021), https://perma.cc/T6FB-YCAY. Of those, just 67,106 were exported. *Id*. at 153.

42. It follows that, in 2021 alone, Glock manufactured 514,838 handguns for sale in the United States.

43. That is to say nothing of imports. In 2021, 5,263,341 handguns were imported into the United States. *See Firearms Commerce in the United States* at 3, ATF (2024), https://perma.cc/P689-LX24.

44. Of those, 1,688,941 were imported from Austria, *id*. at 5, where many Glocks are manufactured, *see* Glock, *Glock Brand*, https://perma.cc/2UWY-EARR.

45. It is therefore likely that, in 2021 alone, Glock imported hundreds of thousands of handguns for sale in the United States.

46. The handguns banned by California under § 27595(a) are widely available for sale throughout the United States.

47. To the best of Plaintiffs' knowledge, Massachusetts is the only other State that bans the sale of Glock handguns. *See* 940 MASS. CODE REGS. § 16.05(3); *Enforcement Notice: Attorney General's Handgun Safety Regulation* at 6, COMMONWEALTH OF MASS. OFF. OF ATT'Y GEN., https://perma.cc/NCB7-FZ2V.

48. Penal Code § 27595(a) bans the sale constitutionally of protected handguns and violates the Second Amendment.

49. Defendant's enforcement of § 27595(a) therefore deprives Plaintiffs of rights secured by the Constitution.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

1. Declare that Penal Code § 27595(a)'s ban on semiautomatic handguns is unconstitutional under the Second Amendment, both facially and as-applied;

2. Enjoin enforcement of Penal Code § 27595(a)'s ban on semiautomatic handguns;

3. Award Plaintiffs the costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

4. Award Plaintiffs other legal and equitable relief as is just and appropriate.

Dated: October 13, 2025                    BENBROOK LAW GROUP, PC

                                                By  s/ Bradley A. Benbrook
                                                   BRADLEY A. BENBROOK
                                                   Attorneys for Plaintiffs