|   |   |
|---|---|
| 1 | BENBROOK LAW GROUP, PC |
| 2 | BRADLEY A. BENBROOK (SBN 177786)<br>STEPHEN M. DUVERNAY (SBN 250957) |
| 3 | 701 University Avenue, Suite 106<br>Sacramento, CA  95825 |
| 4 | Telephone: (916) 447-4900<br>brad@benbrooklawgroup.com |
| 5 | COOPER & KIRK, PLLC |
| 6 | DAVID H. THOMPSON*<br>PETER A. PATTERSON* |
| 7 | WILLIAM V. BERGSTROM*<br>MATTHEW R. RITTMAN* |
| 8 | 1523 New Hampshire Avenue, NW<br>Washington, D.C.  20036 |
| 9 | Telephone: (202) 220-9600<br>dthompson@cooperkirk.com |
| 10 | *Motion to Appear Pro Hac Vice Forthcoming |
| 11 | Attorneys for Plaintiffs |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE JAYMES; PWGG, L.P.; JOHN PHILLIPS; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>    Defendants. | Case No.: **'25CV2711 JAH  DEB**<br><br>**NOTICE OF RELATED CASE** |

1  TO THE COURT, CLERK OF THE COURT, AND TO ALL PARTIES IN THE
2  RELATED CASES REFERENCED BELOW:

3      PLEASE TAKE NOTICE that, pursuant to S.D. CivLR 40.1.f, Plaintiffs hereby serve this Notice of Related Case to show that this action is related to another action within this District, namely *Renna v. Bonta*, Case No. 3:20-cv-2190-DMS-DEB, filed November 10, 2020.

      *Renna v. Bonta* is related to this action under CivLR 40.1.e.1, 2, 4, and 6:

***The Cases Arise From Substantially Identical Happenings Or Events.*** The *Jaymes* Plaintiffs challenge the constitutionality of California Penal Code § 27595(a), which bans the sale or transfer of certain handgun models—including all Glock and Glock-style handguns—that are among the most popular firearms in the nation. Yet if § 27595(a) is enforced, Californians will have no practical way to acquire them. Therefore, the *Jaymes* Plaintiffs allege, § 27595(a) violates the Second Amendment.

      California's effort to ban *all* Glock handguns through § 27595(a) expands the ban already imposed through enforcement of California's Unsafe Handgun Act, which Plaintiffs are challenging in *Renna*. The *Renna* Court issued a preliminary injunction holding that these restrictions are likely unconstitutional because handguns like the ones banned by § 27595(a) are "in common use." *Renna v. Bonta*, 667 F. Supp. 3d 1048, 1063 (S.D. Cal. 2023), *appeal pending*, No. 23-55367 (9th Cir.) (discussing the Glock 43 and Glock 17 Gen 5, among other handgun models).

      The preliminary injunction in *Renna* remains on appeal before the Ninth Circuit, No. 23-55367.[1]

***The Cases Involve Overlapping Parties.*** Five of the six Plaintiffs in *Jaymes* are Plaintiffs in *Renna* (Danielle Jaymes; John Phillips; PWGG, L.P.; Firearms Policy

---

[1] In addition to *Renna*, there is a case pending before the Central District challenging the constitutionality of the handgun roster. *Boland v. Bonta*, No. 8:22-cv-1421. The *Boland* plaintiffs also obtained a preliminary injunction. The State appealed that injunction as well (No. 23-55276) and the Ninth Circuit held a consolidated oral argument on both matters in August 2023.

Coalition, Inc.; and Second Amendment Foundation). Attorney General Rob Bonta (the only Defendant here) is one of two Defendants in *Renna* (the other being the Director of the California Department of Justice's Bureau of Firearms).

***The Cases Require The Determination Of Substantially Identical Questions Of Law.*** The Plaintiffs in both *Renna* and *Jaymes* bring a Second Amendment challenge to California's effort to ban handguns that are in common use for lawful purposes for self-defense. Resolving the constitutionality of California's effort to *expand* its ban on "popular handguns designed for self-defense," *Renna*, 667 F. Supp. 3d at 1069, through § 27595(a) requires the determination of the identical legal question presented in *Renna*, where the Court has already expended significant labor in resolving a preliminary injunction.

**Substantial Duplication Of Work Would Be Inevitable If Different Judges Were Assigned To** *Renna* **And** *Jaymes***.** Because the two cases raise an identical legal question, the assignment of this action and *Renna* to a single district judge will promote judicial economy by preserving labor and ensure that the cases reach consistent results.

Pursuant to CivLR 40.1.h, the Clerk of the Court is therefore requested to report the related cases to "the judges concerned at the earliest date practicable."

Dated: October 13, 2025            BENBROOK LAW GROUP, PC

By  s/ Bradley A. Benbrook
      BRADLEY A. BENBROOK
      Attorneys for Plaintiffs