1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA  95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  COOPER & KIRK, PLLC
   DAVID H. THOMPSON*
6  PETER A. PATTERSON*
   WILLIAM V. BERSTROM*
7  MATTHEW R. RITTMAN*
   1523 New Hampshire Avenue, NW
8  Washington, D.C. 20036
   Telephone: (202) 220-9600
9  dthompson@cooperkirk.com

10 *Admitted pro hac vice

11 Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE JAYMES; PWGG, L.P.; JOHN PHILLIPS; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>        Defendants. | Case No.: 3:25-cv-02711-GPC-DEB<br><br>**JOINT DISCOVERY PLAN** |

# JOINT DISCOVERY PLAN

Pursuant to this Court's Order, Doc. 21 (Dec. 8, 2025), the parties hereby submit this proposed Joint Discovery Plan for the Court's consideration.

### A. Plaintiffs' Summary of the Case

This case involves a challenge by Plaintiffs—two individuals, a federally licensed firearms dealer, and three associations that seek to promote and defend the Second Amendment protected rights of their members—to a recently enacted California law that bars the sale or transfer of many of the most popular handguns in America. Plaintiffs contend that, under the Second Amendment as dispositively construed by the United States Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008), such bans on arms that are "in common use" are categorically unconstitutional.

### B. Defendant's Summary of the Case

In this case, Plaintiffs challenge the constitutionality of Assembly Bill ("AB") 1127. AB 1127 protects the welfare and safety of California residents by generally prohibiting the sale of "machinegun-convertible pistols" as that term is defined in the statute and subject to specified exceptions. The sales prohibition begins on July 1, 2026. Contrary to Plaintiffs' claim in their Complaint, AB 1127 is constitutional under the Second and Fourteenth Amendments.

### C. Discovery Plan Topics Under Federal Rule of Civil Procedure 26(f)(3)

**(i)   Initial Disclosures**

The parties do not request any changes to timing or form of initial disclosures. The parties will exchange initial disclosures on January 14, 2026.

**(ii)   Subjects of Discovery**

Plaintiffs anticipate taking discovery as to Defendants' planned enforcement of the laws challenged here. Plaintiffs do not anticipate using any experts at this time (though they reserve the right to designate rebuttal experts).

Defendants anticipate taking discovery related to Plaintiffs' standing, the nature of their claim, their contentions in the Complaint, and the facts underlying their allegations in the Complaint. Defendants anticipate using experts in the case including but not limited to experts related to historical firearm regulations. Defendants reserve the right to take expert discovery related to any expert, including any rebuttal expert, used by Plaintiffs.

### (iii) Issues About Disclosure, Discovery, or Preservation of ESI

The parties do not currently anticipate any particular issues arising related to disclosures, discovery, or the preservation of electronically stored information. If any such issue arises, the parties will meet and confer to attempt to resolve it.

### (iv) Issues About Claims of Privilege or of Protection as Trial-Preparation Materials

The parties do not currently anticipate any particular issues arising related to claims of privilege or of protection as trial-preparation materials. If any such issue arises, the parties will meet and confer to attempt to resolve it.

### (v) Discovery Limitations

The parties do not currently request any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or applicable local rules.

### (vi) Any Other Orders Under Rules 26(c), 16 (b) and (c)

At this time the parties do not request any order orders under Federal Rules of Procedure 26(c), 16(b) and (c).

## D. Additional Topics Specified in December 8, 2025 Order

### (i) Service

All parties in the action have been served.

### (ii) Amendment of Pleadings

The parties do not currently expect to amend the pleadings.  The parties propose a deadline of April 1, 2026 to amend the pleadings.

       **(iii) Protective Order**

The parties do not anticipate the need for a protective order at this time. If one becomes necessary during discovery, the parties will meet and confer and then promptly notify the Court.

       **(iv) Electronic Discovery**

The parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. At this point, the parties do not anticipate seeking ESI in discovery or the need for an ESI protocol.

       **(v) Discovery**

The parties have not taken any discovery to date and have no discovery disputes to identify.

       **(vi) Related Cases**

Plaintiffs position is that this case is related within the meaning of Civ. L. R. 40.1.e.1, 2, 4, and 6, to *Renna v. Bonta*, No. 3:20-cv-2190-DMS-DMB. *See* Notice of Related Case, Doc. 2 (Oct. 13, 2025).

Defendant's position is that the two cases are not related for the purposes of this Court's case relation procedures in Civil Local Rule 40.1. *See Objection to Notice of Related Case*, Doc. 5 (Oct. 21, 2025).

       **(vii) Scheduling**

**Plaintiffs' Position**

The law challenged by Plaintiffs in this suit takes full effect on July 1, 2026. In light of that, and to make the filing of a motion for preliminary injunction unnecessary, Plaintiffs propose the following schedule which would permit the submission of the case on summary judgment prior to the July 1, 2026 effective date.

  Fact discovery cutoff: April 3, 2026.

  Expert designation and disclosure deadline: April 3, 2026.

  Expert discovery cutoff: May 1, 2026.

JOINT DISCOVERY PLAN
-3-

|   |   |
|---|---|
| 1 | <u>Dispositive motion deadline:</u> May 15, 2026. Plaintiffs propose simultaneous filing of the cross-motions for summary judgment, with responses due 21 days later. Plaintiffs propose dispensing with reply briefs in light of the simultaneous schedule. |

**Defendant's Position**

Although the sales prohibition in AB 1127—specifically at Penal Code section 27595—commences on July 1, 2026, Plaintiffs filed this action on October 14, 2025. They had, and still have, ample time to file a motion for preliminary injunction to seek to defer the effect of Penal Code section 27595. It is not necessary to unduly rush toward a final resolution of the action. Defendant's position is therefore that case deadlines should be set according to the typical schedule set forth in the December 8 Order, with minor adjustments that can be discussed at the scheduling conference. If Plaintiffs elect to file an early motion for summary judgment, Defendant reserves the right under Federal Rule of Civil Procedure 56(d) to ask the Court to defer consideration of the motion and allow Defendant additional time to obtain declarations and take discovery.

### (viii)  Trial

Given the nature of the claims and defenses at issue, the parties believe that this case will most likely be resolved through dispositive motions.  The parties therefore propose that the Court refrain from scheduling the Mandatory Settlement Conference, pretrial conference, and trial at this time. If the case is not fully resolved by dispositive motions, the parties will then confer regarding a joint trial proposal. In that event, the case would be tried by the Court, not a jury.

### (ix)   Professional Conduct

All counsel listed in the pleadings or motions for the Plaintiffs and Defendants have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

| | |
|---|---|
| Dated: January 14, 2026 | Respectfully Submitted, |
| Bradley A. Benbrook (SBN 177786)<br>Stephen M. Duvernay (SBN 250957)<br>BENBROOK LAW GROUP, PC<br>701 University Avenue, Suite 106<br>Sacramento, CA  95825<br>Telephone: (916) 447-4900<br>brad@benbrooklawgroup.com | /s/ David H. Thompson<br>David H. Thompson*<br>Peter A. Patterson*<br>William V. Bergstrom*<br>Matthew R. Rittman*<br>Cooper & Kirk, PLLC<br>1523 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 220-9600<br>dthompson@cooperkirk.com |
| | *Admitted pro hac vice |
| | Attorneys for Plaintiffs |
| Dated:  January 14, 2026 | ROB BONTA<br>Attorney General of California<br>ANTHONY R. HAKL<br>Supervising Deputy Attorney General<br><br>s/ Gabrielle D. Boutin<br>GABRIELLE D. BOUTIN<br>Deputy Attorney General<br>*Attorneys for Defendant Attorney General Rob Bonta, in his official capacity* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David H. Thompson
David H. Thompson
